Supreme Court—Zavada v. St. John, &c., Sick Aid Society.

ANDREW ZAVADA ET AL., RELATORS, v. ST. JOHN THE
BAPTIST SLOVAK ROMAN CATHOLIC SICK AID SO-
CIETY AND MICHAEL BEDNARCIK, DEFENDANTS.

Submitted May 13, 1927—Decided November 11, 1927.

Corporations—Membership—Fraternal and Religious Benefit
Societies—Relators Had Been Expelled for Failure to Abide
by the By-laws—Relators Appeared Not Interested in the
Society Beyond the Recovery of Their Money Contributions
—Held, That When One Joins a Society He Agrees to Ob-
serve the By-laws, That Relators Had Failed to do This,
That Proceedings for Their Expulsion Proceeded in Due
Course, and That No Reason is Seen Why They Should Not
Abide by the Result Their Actions Brought Upon Them-
selves.

On rule to show cause why a writ of *mandamus* should
not issue.

Before Justices Trenchard, Kalisch and Katzenbach.

For the relators, *Feder & Rinzler*.

For the defendants, *Weinberger & Weinberger*.

Per Curiam.

This case is presented in the form of a rule to show cause
why a writ of *mandamus* should not be issued out of this
court to reinstate the relators, Andrew Zavada and sixty-one
others, as members of a society known as St. John the Baptist
Slovak Roman Catholic Sick Aid Society. The present litiga-
tion has been preceded by other suits between the same
parties, growing out of the expulsion of the relators from
the said society. On February 14th, 1926, the relators were
expelled from the society because of their failure to comply
with paragraph 1 of article 6 of the by-laws of the society,
which obliged every member to attend each year the divine
service held on the anniversary of the patron, St. John the

Baptist, and with paragraph 8 of article 6, which required every Greek or Roman Catholic member to confess and participate in Holy Communion every year at Easter, administered by a Greek or Roman Catholic priest, who belongs to the Roman Catholic Diocese, to be evidenced by a confession card. The fine for violation of paragraph 1 of article 6 was one dollar, and of paragraph 8 of article 6 was $5.

There are two classes of relators, one composed of fifty-eight members, and one composed of three members. The only distinction, which is immaterial, is that the three members attended confession but did not produce confession cards.

It appears from the testimony that the trouble arose because of the relators' regard for a priest of the Roman Catholic faith who had been excommunicated, and after his excommunication had established a church in which many of the relators became parishioners. The evidence is clear and convincing that either or both of the provisions of the by-laws mentioned were broken by the relators; that fines were imposed; that the fines were not paid, and the members were legally expelled. What the relators want is to obtain part of the money which they have paid into the treasury of the society. This is freely admitted by those of the relators who testified. Their testimony is to the effect that they do not care what becomes of the society; that they did not want to have anything to do with the members of it, and all that they want is to get the money they paid into the society.

When a member joins a society he agrees to observe the by-laws of the society. This the relators failed to do. The proceedings for their expulsion proceeded in due course. We see no reason why they should not abide by the result which their own actions brought upon them.

The rule to show cause is discharged, with costs.